**WILDI, Appellee,**

v.

**WILDI, Appellant.**

[Cite as *Wildi v. Wildi,* 159 Ohio App.3d 568, 2005-Ohio-257.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–576.

Decided Jan. 25, 2005.

Fisher & Douglas, and Mark Fisher, for appellee.

Deborah A. Wildi, pro se.

---

FRENCH, Judge.

{¶ 1} Defendant-appellant, Deborah A. Wildi, pro se, appeals from an order of the Franklin County Court of Common Pleas denying her motion to vacate a stalking civil protection order ("SCPO"). Appellant and plaintiff-appellee, Joseph A. Wildi, were undergoing divorce proceedings in the court of common pleas, division of domestic relations, when appellee sought and obtained the SCPO from the civil division pursuant to R.C. 2903.214. Appellant moved to vacate the SCPO on the grounds that the domestic relations court, which had issued a restraining order barring appellant from disturbing appellee, had exclusive jurisdiction over the matter; thus, she argued that the civil division lacked subject-matter jurisdiction to enter the SCPO.

{¶ 2} The trial court rejected this rationale, indicating that it had jurisdiction to issue an SCPO regardless of any proceedings pending in the domestic relations division, and denied appellant's motion to vacate. The trial court reasoned that appellee was not seeking to enforce a domestic relations restraining order but, rather, sought protection under a separate statute unrelated to domestic relations proceedings, and, thus, the court had subject-matter jurisdiction. Appellant now assigns the following as error:

1. Upon requesting a protection order, my husband was directed to and given an application by the Common Pleas Court, Clerk of Courts which he completed.

2. The Court did not recognize the error as one of jurisdiction and tried the case. The SCPO was granted.

3. The conduct described is that of a private investigator, not stalking.

{¶ 3} Appellant's assignments of error may be read as alleging that the trial court lacked subject-matter jurisdiction because the domestic relations division

had granted a restraining order and maintained continuing jurisdiction over these parties and any related dispute. In addition, appellant claims the SCPO was in error because she was not stalking appellee, but, rather, acting as her own private investigator.

{¶ 4} R.C. 2903.214 permits a party to petition for a protection order to protect a victim of menacing by stalking. Section (E)(1) provides:

(E)(1) After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, including, but not limited to, a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member.

{¶ 5} R.C. 2903.211, outlining the elements of the offense of menacing by stalking, provides:

(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

{¶ 6} In this matter, after a hearing, a magistrate of the trial court issued a decision that stated:

A review of the facts in the instant case * * * warrants the issuance of a civil protection order. Petitioner has uncontroverted evidence that Respondent is sitting for substantial lengths of time in his apartment complex, near his office, and has followed him despite her residence being located many miles away. Respondent claims a right to do so on the basis that she is obtaining information for use in her divorce proceedings. She also claims a right to serve papers on him despite the fact that he has counsel. To grant such allowance in this context would be to sanction what is essentially the right to stalk or harass.

Thus, the magistrate recommended the issuance of the SCPO, and the trial court adopted the magistrate's findings and incorporated the orders as its own.

{¶ 7} In rendering its decision on appellant's motion to vacate on the grounds of a lack of subject-matter jurisdiction, the trial court reasoned that neither the domestic relations division nor the criminal code precludes a party from seeking an SCPO in the general division of a court while an action is pending in the domestic relations division. We agree. A protective order from stalking is not tied to a divorce action, and its enforcement by police represents a more rapid, direct, and punitive method of protecting a stalking victim than enforcing a domestic relations restraining order. See *Felton v. Felton* (1997), 79 Ohio St.3d 34, 679 N.E.2d 672 (interpreting an analogous statute, R.C. 3113.31).

Moreover, "absent a 'patent and unambiguous lack of jurisdiction,' each court is permitted in the first instance to determine the limits of its own jurisdiction." *State ex rel. Huntington Trust Co., N.A. v. Court of Common Pleas for Franklin Cty.* (July 28, 1998), Franklin App. No. 98AP–122, 1998 WL 429157, quoting *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549. Here, the general division clearly had jurisdiction over SCPO matters, and we conclude that the court's order was not void for lack of subject-matter jurisdiction.

█ {¶ 8} Regarding whether the court erred in issuing the SCPO because appellant was only acting as her own private investigator, we agree with the magistrate that, regardless of appellant's purpose, the law does not excuse appellant's stalking of appellee. Because stalking, by definition, produces in the victim a sense of fear of physical harm or mental distress, appellant was capable of causing fear even if, as she claims, she was only doing the same tasks a private investigator would do. The trial court appropriately designated appellant's conduct as stalking and found adequate support for issuing the SCPO.

{¶ 9} Based upon these considerations, we overrule appellant's assignments of error, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

PETREE and SADLER, JJ., concur.