DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, William F. Murray III, appeals the judgment of the Lucas County Court of Common Pleas granting appellee's ex parte stalking civil protection order. Appellant challenges the judgment through the following assignments of error:
 {¶ 2} "I. The trial court lacked subject matter jurisdiction to issue the protection order in question.
 {¶ 3} "II. The appellee's petition was barred by the doctrine of res judicata.
 {¶ 4} "III. The trial court erred to the prejudice of appellant by issuing the protection order in question, as appellee failed to adduce sufficient evidence on the element of `mental distress'."
 {¶ 5} On November 9, 2004, appellee filed a petition for a domestic violence protection order pursuant to R.C. 3113.31 in the Lucas County Court of Common Pleas, Domestic Relations Division. Due to the allegations contained within the petition, the domestic relations court granted appellee's pro se domestic protection order.
 {¶ 6} On November 30, 2004, appellant filed a lawsuit against appellee in the Lucas County Court of Common Pleas alleging she owed monies to him for improvements he made to appellee's home. Appellant voluntarily dismissed the lawsuit after appellee filed a motion to dismiss with a request for attorney's fees.
 {¶ 7} On January 10, 2005, appellant filed a counter petition for a civil protection order against appellee in the Lucas County Court of Common Pleas, Domestic Relations Division. Further, appellant was granted a personal protection order against appellee from a court in Monroe, Michigan.
 {¶ 8} On February 24, 2005, the domestic relations court held a hearing on appellee's protection order. The court dismissed the protection order, finding that although the parties continued to engage in a volatile relationship, it did not rise to the level of domestic violence.
 {¶ 9} On February 25, 2005, appellant contacted appellee's customers and made disparaging remarks to them regarding appellee. On March 1, 2005, appellee filed a petition in the Lucas County Court of Common Pleas, General Division, requesting a stalking civil protection order ("SCPO") pursuant to R.C.2903.214. The purpose of the SCPO is to protect a victim of "menacing by stalking" as defined by R.C. 2903.211.
 {¶ 10} On March 16, 2005, the petition was granted and a SCPO was issued. It is from this final order that appellant makes a timely appeal.
 {¶ 11} Appellant's first assignment of error asserts that the general division of common pleas court lacked subject matter jurisdiction to issue the SCPO that appellant appeals. Appellant argues that because the parties had previously lived together, if one party seeks a civil protection order against the other it must be done through the court's domestic relations division. Appellant apparently relies upon the language of R.C. 3133.31(A)(4) which defines "person living as spouse" as someone who has cohabitated with the respondent within five years prior to the date of the alleged occurrence of the act at issue.
 {¶ 12} R.C. 3133.31 defines acts of domestic violence and defines the parties subject to the authority of the domestic relations division court. R.C. 3113.31(A)(4) grants the domestic relations division the jurisdiction to hear a domestic violence petition brought by the instant parties; however, nothing in the language of R.C. 3113.31 bars appellee from seeking relief through the general division of the court of common pleas. As the Ohio Supreme Court noted in Felton v. Felton (1997),79 Ohio St.3d 34, "the remedies and procedures provided in this section [R.C. 3113.31] are in addition to, and not in lieu of, any other available civil or criminal remedies." Id. at 37, emphasis in the original. R.C. 2903.214 defines acts of menacing by stalking and defines the parties subject to the authority of the court of common pleas. R.C. 2903.214(A)(3) defines "family or household member" as having the same meaning as in R.C. 3113.31. Therefore, the parties fall within the statutory definition of "family or household member." Further, R.C. 2903.214(B) states the court of common pleas "has jurisdiction over all proceedings under this section."
 {¶ 13} Based on these considerations, we conclude the court of common pleas had the authority to issue the SCPO and the order is not void for lack of subject matter jurisdiction. Appellant's first assignment of error is not well-taken.
 {¶ 14} Appellant's second assignment of error asserts the doctrine of res judicata bars appellee from seeking a SCPO. Res judicata, or claim preclusion, applies "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transaction, out of which the action arose." Grava v. ParkmanTwp., 73 Ohio St.3d 379, 382, syllabus. Appellant argues the incidents presented as evidence before the trial court on March 16, 2005, were the same incidents presented as evidence at the hearing held in the domestic relations division on February 24, 2005, with the exception of the actions taken by appellant on February 25, 2005.
 {¶ 15} The doctrine of res judicata is inapplicable to the instant issue. Appellee's petition before the trial court was brought under R.C. 2903.214 which governs stalking civil protection orders. R.C. 2903.214 and R.C. 3113.31 are separate tools in Ohio's comprehensive protection legislation and offer distinct forms of relief. The goal of R.C. 2903.214 is to allow the police and the courts to act before a victim is harmed by a stalker. Lindsay v. Jackson (Sept. 8, 2000), 1st Dist. Nos. C-990786, A-9905306. A party is not precluded from seeking a SCPO in the general division of a court while an action is pending in the domestic relations division. Wildi v. Wildi,159 Ohio App.3d 568, 570, 2005-Ohio-257, at ¶ 7. Even if res judicata was applicable it would not bar appellee's petition. The trial court noted appellee added additional allegations to those heard by the domestic relations court and it was "an expanded issue" presented in her petition. Thus, appellant's second assignment of error is not well-taken.
 {¶ 16} Appellant's third assignment of error asserts that appellee failed to adduce sufficient evidence on the element of "mental distress," or alternatively, that appellant's conduct failed to meet the statutory definition of "pattern of conduct," both necessary to warrant a SCPO. The decision to grant a SCPO "lies within the sound discretion of the trial court." Parrishv. Parrish (2002), 95 Ohio St.3d 1201, 1204; see, also, Deaconv. Landers (1990), 68 Ohio App.3d 26, 31. Therefore, an appellate court will not reverse the trial court's decision absent an abuse of discretion, which requires a determination that the trial court's decision was "unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} To be entitled to a SCPO under R.C. 2903.214, a person must establish, by a preponderance of the evidence, that the alleged perpetrator violated R.C. 2903.211, the menacing statute.Striff v. Striff, 6th Dist. No. WD-02-031, 2003-Ohio-794, at ¶ 10, citing Tuuri v. Snyder (Apr. 30, 2002), 11th Dist. No. 2000-G-2325, 2002-Ohio-2107. R.C. 2903.211(A) states that "No person by engaging in a pattern of conduct shall knowingly cause another to believe the offender will cause physical harm to the other person or cause mental distress to the other person." Id.
 {¶ 18} R.C. 2903.211(D)(2) defines "mental distress" as "[a]ny mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." A showing of actual mental distress is not a required element of stalking. Striff
at ¶ 11, citing Dayton v. Davis (1999), 136 Ohio App.3d 26, 32. Thus, appellee "only needed to establish that appellant knowingly caused her to believe he would cause her mental distress or physical harm." Id. After hearing the testimony of the parties, the trial court found appellant's actions were performed to "harass, annoy, and cause emotional distress" to appellee. The trial court further found appellant "acted with an understanding of the impact of his words and with the hope that his actions would result in appellee losing her job."
 {¶ 19} R.C. 2903.211(D)(1) defines a "pattern of conduct" as two or more actions or incidents closely related in time. Appellant's argument that his additional actions of February 25, 2005, should be viewed in isolation and therefore fail to meet the statutory definition of "pattern of conduct" is not well-taken. The trial court was correct in considering all evidence presented in support of appellee's petition brought under R.C. 2903.214. Upon review of the record, we find sufficient evidence to establish, by a preponderance of the evidence, that appellant knowingly caused appellee to believe he would cause her mental distress or physical harm. Further, there was sufficient evidence to establish that appellant's actions constituted a "pattern of conduct" as defined by R.C.2903.211(D)(1). Appellant's third assignment of error is not well-taken.
 {¶ 20} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J. William J. Skow, J. Dennis M. Parish,J. concur.