DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Susan Hamlin-Scanlon ("Susan"), appeals from the decision of the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} Susan and Appellee, Gary Taylor ("Gary") were divorced in 1999. During their marriage, they had two children.
 {¶ 3} On April 5, 2007, Susan filed a petition for a civil anti-stalking protection order against Gary, pursuant to R.C. 2903.214. Under this petition, Susan sought protection for her two children and herself. On April 10, 2007, the *Page 2 
magistrate recommended a temporary order of protection which was adopted by the trial court on April 10, 2007.
 {¶ 4} On April 12, 2007, a full hearing was held before a magistrate. As a result of the testimony presented at the hearing, the magistrate recommended the issuance of a permanent protection order. The order expressly allowed Gary to exercise any visitation rights that the domestic relations court had granted him, but prohibited him from harming, threatening, stalking, harassing, or annoying the children or their mother. On May 4, 2007, Gary filed objections to the magistrate's decision and on May 11, 2007, Susan responded to Gary's objections.
 {¶ 5} On May 21, 2007, the trial court rejected the magistrate's determinations. The trial court reasoned that case matters relating to the visitation of the children were already pending before the domestic relations court. Specifically, the trial court determined that "the resolution of the parties' difficulties in this matter rest with the Summit County Domestic Relations Court and this Court declines to participate in an action which the Court concludes it has no jurisdiction to hear[.]"
 {¶ 6} It is from this decision that Susan timely appeals. She asserts one assignment of error for our review. *Page 3 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN REFUSING TO GRANT THE CIVIL PROTECTION ORDER SOUGHT BY [SUSAN] AND RECOMMENDED BY THE MAGISTRATE."
 {¶ 7} Susan contends that the trial court erred in refusing to grant the civil protection order.
 {¶ 8} Initially, we note that Susan's assignment of error provides a roadmap for our review and as such, directs our analysis of the trial court's judgment. See App.R. 16. She contends that the trial court erred when it failed to grant the protection order. However, Susan does not support her argument that the trial court should have granted the protection order, but rather, argued that the trial court erred in determining that it lacked subject matter jurisdiction to decide the issue. Therefore, we confine our analysis to whether the trial court erred when it determined that it lacked subject matter jurisdiction in this case.
 {¶ 9} We further note that Gary agrees with Susan that "the judge erred in stating that `this Court lacks jurisdiction to hear this matter[.]'" Gary further states that "[t]he fact of the matter is that the Common Pleas Court and Domestic Relations Court have concurrent jurisdiction over allegations of menacing by stalking." Gary disagrees, however, with Susan's claim that the trial court should have granted the protection order. Gary contends that this Court should dismiss the petition and find that there is no need for a protection order separate from the *Page 4 
domestic relations proceedings. Alternatively, he urges this Court to reverse and remand to the domestic relations court for a new hearing on the anti-stalking petition. We note that this appeal stems from a petition filed in the Common Pleas Court, not the Domestic Relations Court. Accordingly, we decline his requests.
 {¶ 10} In the instant case, Susan filed her petition for a protection order under R.C. 2903.214 for a violation of R.C. 2903.211, menacing by stalking. R.C. 2903.211(A)(1) states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." (Emphasis added). R.C. 2903.214
identifies the parties subject to the authority of the common pleas court. Specifically, the statute states that "[a] person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court." R.C.2903.214(C). Therefore, Susan could properly bring this action on behalf of her children and herself. Finally, R.C. 2903.214(B) states the court of common pleas "has jurisdiction over all proceedings under this section."
 {¶ 11} "The goal of R.C. 2903.214 is to allow the police and the courts to act before a victim is harmed by a stalker." (Emphasis sic.)Irwin v. Murray, 6th Dist. No. L-05-1113, 2006-Ohio-1633, at ¶ 15. Further, "[a] protective order from stalking is not tied to a divorce action, and its enforcement by police represents a *Page 5 
more rapid, direct, and punitive method of protecting a stalking victim than enforcing a domestic relations restraining order." Wildi v.Wildi, 159 Ohio App.3d 568, 570, 2005-Ohio-257, at ¶ 7, citingFelton v. Felton (1997), 79 Ohio St.3d 34, 37-38. Accordingly, "[a] party is not precluded from seeking a SCPO in the general division of a court while an action is pending in the domestic relations division."Irwin, supra, at ¶ 15, citing Wildi, supra, at ¶ 7.
 {¶ 12} We find that the trial court erred when it determined that it lacked subject matter jurisdiction over this issue. We reverse and remand to the trial court to adopt or reject the magistrate's decision on the merits. See Civ.R. 53(D)(4)(a) (stating that "[a] magistrates decision is not effective unless adopted by the court") and Civ.R. 53(D)(4)(b) (stating in part that "a court may adopt or reject a magistrate's decision in whole or in part, with or without modification"). Accordingly, Susan's assignment of error is sustained.
 III. {¶ 13} Susan's sole assignment of error is sustained and the judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 CARR, P. J., DICKINSON, J., CONCUR *Page 1