[Cite as *State v. Srp*, 2012-Ohio-2285.]

STATE OF OHIO        )          IN THE COURT OF APPEALS
                        )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| STATE OF OHIO/CITY OF TWINSBURG | C.A. No. 26029 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL SRP | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2010 TRC 4334 |

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

MOORE, Presiding Judge.

{¶1}     Appellant, Michael Srp, appeals from his conviction in the Stow Municipal Court. This Court affirms.

I.

{¶2}     In the early morning hours of May 14, 2010, a police officer with the City of Twinsburg initiated a traffic stop for a weaving violation. Several sobriety tests were conducted on the driver, Michael Srp. When he was unable to successfully complete the tests, he was taken into custody. It was discovered that he had a blood alcohol concentration of .154. Mr. Srp was cited for operating a vehicle under the influence, operating a vehicle with a prohibited blood alcohol concentration, and weaving in violation of the Twinsburg Codified Ordinance. Mr. Srp initially entered a plea of not guilty. He subsequently filed a motion to dismiss for want of probable cause. After a hearing was held on the motion, and the motion was denied, Mr. Srp entered a plea of no contest to operating a vehicle under the influence. Pursuant to a plea

agreement, the offenses of operating a vehicle with a prohibited blood alcohol concentration and weaving were merged and dismissed. Mr. Srp was sentenced to 180 days, with 177 of those days suspended, and was ordered to successfully complete a three-day driving intervention program. A $1,000 fine was also imposed, with $600 suspended, and a six-month license suspension was ordered. A stay was granted on the sentence pending appeal.

{¶3} Mr. Srp moved this Court for leave to file a delayed appeal, and the motion was granted. Mr. Srp raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN USING AND FINDING SUPPRESSIBLE FACTS SUFFICIENT BEYOND A REASONABLE DOUBT TO CONVICT [MR. SRP].

{¶4} Initially, we note that Mr. Srp's assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment. *Hamlin-Scanlon v. Taylor*, 9th Dist. No. 23773, 2008-Ohio-411, ¶ 8; App.R. 16. Mr. Srp makes various arguments in the body of his brief pertaining to the constitutionality of the weaving ordinance, the alleged inconsistencies and lack of credibility in the officer's testimony, and the public policy surrounding DUI ordinances. Mr. Srp's assignment of error, however, directs this Court to analyze the sufficiency of the facts to support his conviction, and we will confine our analysis to this issue. *See id.*

{¶5} In his sole assignment of error, Mr. Srp contends that there was insufficient evidence to convict him for operating a vehicle under the influence. As previously noted, Mr. Srp pled no contest to operating a vehicle under the influence. The Rules of Criminal Procedure provide that a "plea of no contest is not an admission of defendant's guilt, but is an admission of

the truth of the facts alleged in the indictment[.]" Crim.R. 11(B). The Ohio Supreme Court has determined that "[w]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582 (1998), syllabus, citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425 (1996). Thus, "a defendant who has pled no contest to a charge cannot later challenge his conviction on the grounds that there is insufficient evidence to support it." *State v. Moore*, 9th Dist. No. 21182, 2003-Ohio-244, ¶ 5, citing *State v. Lowe*, 2d Dist. Nos. 93-CA-54, 93-CA-55, 1995 WL 127890 (Mar. 24, 1995).

{¶6}   Mr. Srp was convicted of driving under the influence in violation of Twinsburg Codified Ordinance 333.01(A)(1)(a) which provides that "[n]o person shall operate any vehicle within this Municipality, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." The complaint stated that on May 14, 2010, around 1:31 a.m., a traffic stop was initiated on a black Infiniti at 9224 Darrow Rd. The driver, Mr. Srp, committed the following offenses: operating a vehicle under the influence of alcohol/drug of abuse, prohibited blood alcohol concentration of .154 on his breath, and weaving. The recitation of the facts provided to the court at the plea hearing also indicated that Mr. Srp was taken into custody for operating a vehicle under the influence after several sobriety tests were conducted.

{¶7}   Because Mr. Srp pled no contest to the complaint, he is now precluded from challenging the factual merits of the underlying charges. *See Bird*, 81 Ohio St.3d at 584. The State fulfilled its obligation by alleging sufficient facts to charge a violation for operating a vehicle under the influence. *See id.* By pleading no contest, Mr. Srp admitted the truth of the

allegations as set forth in the complaint. *See id.* at 585. Accordingly, Mr. Srp's assignment of error is overruled.

III.

**{¶8}** Mr. Srp's sole assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR

APPEARANCES:

DUANE L. DOYLE, Attorney at Law, for Appellant.

DAVID MAISTROS, Attorney at Law, for Appellee.