OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from an order of the Clermont County Court of Common Pleas suppressing evidence on behalf of defendants-appellees, Sherry L. Pilot and Donald Clinton Pilot, after finding that the police violated the "knock-and-announce" rule contained in R.C. 2935.12[1] when they executed a search warrant at appellees' residence.
 {¶ 2} At 6:10 a.m. on May 16, 2001, officers from the Clermont County Sheriff's Office executed a search warrant at the trailer of Donald Pilot and his wife, Sherry, in Goshen Township, Clermont County, Ohio. An entry team went into the trailer through its front door. Once the residence was secured, officers from the narcotics unit searched the premises and found cocaine and marijuana. When the officers arrived, Donald was lying asleep on a couch in the trailer. Sherry was apprehended trying to flee out of the trailer's back door.
 {¶ 3} On November 7, 2001, Sherry was indicted on two counts of trafficking in cocaine, one count of possession of cocaine, and one count of trafficking in marijuana. On that same date, Donald was indicted on one count each of trafficking in cocaine, possession of cocaine, and trafficking in marijuana.[2]
 {¶ 4} On December 24, 2001, appellees filed identical motions to suppress, essentially asking the trial court to suppress any evidence gathered as a result of the search of their residence on the grounds that the officers lacked probable cause for the search. Appellees also asked the trial court to suppress any statements they made to the officers on the grounds that they failed to issue Miranda[3] warnings to them prior to questioning.
 {¶ 5} On March 4, 2002, the trial court held a hearing on appellees' motions to suppress. The hearing largely focused on the issues raised by appellees in their December 24th
motions. However, there was also testimony that touched on an issue that appellees failed to raise in their motions to suppress, namely, whether the officers knocked at the door and announced their presence before entering appellees' residence. The following exchange took place between defense counsel and Sheriff's Deputy Meredith Walsh:
 {¶ 6} "Q. Did you knock on the door before you went to (sic)?
 {¶ 7} "A. No. The entry team made the entry.
 {¶ 8} "Q. Forcible?
 {¶ 9} "A. It was — They did knock first."
 {¶ 10} Deputy Walsh later testified that she did not know what the entry team said to the persons inside the trailer, but added, "I know that they said, `Sheriff's Office, search warrant.'" Defense counsel then questioned Walsh as follows:
 {¶ 11} "Q. Then they [i.e., the entry team] went and did their thing, you didn't see that, you know, how they got in, right?"
 {¶ 12} "A. Correct.
 {¶ 13} "Q. You didn't see them go in the door?
 {¶ 14} "A. I recall them going in the door. There was also people trying to go out the back door.
 {¶ 15} "Q. When they went in the door, did they go in by force?
 {¶ 16} "A. I wasn't at the front. I was at the back where people [e.g., Sherry Pilot] were going out the door."
 {¶ 17} Donald Pilot testified that he was "asleep on the couch" when the officers arrived, and that the first thing he heard was the sound of their battering ram, which he described as "[b]oom, boom." He stated that the officers ordered him to "Put your hands * * * up, lay on the floor."
 {¶ 18} On May 8, 2002, appellees filed a memorandum in support of their suppression motions. The first argument they raised was that the officers failed to comply with the provisions of the knock-and-announce rule, set forth in R.C. 2935.12. They also raised several other arguments, including that the officers failed to issue Miranda warnings to Donald Pilot before they questioned him, even though he was in custody and under arrest at that time. Appellant did not file a memorandum in response.
 {¶ 19} On November 15, 2002, the trial court issued a decision granting appellees' motions to suppress. The trial court's decision states in relevant part:
 {¶ 20} "Since Officer Walsh did not see the entry team make their entry, her testimony that the entry team knocked is apparently based on speculation. Defendant Donald Pilot testified that he did not hear the officers knock or announce their presence[4] and only became aware that officers were present when he heard the battering ram opening his door. Based on these facts, the officers violated the statute [R.C. 2935.12] by failing to knock-and-announce their arrival at the Pilots' residence."
 {¶ 21} The trial court found that no exception to the exclusionary rule applied under the circumstances of this case. It also found that the officers violated Donald Pilot'sFifth Amendment privilege against self-incrimination by questioning him without first administering Miranda warnings. As a result, the trial court granted appellees' motions to suppress "in all respects." The final sentence of the trial court's decision directs appellees' counsel to "prepare and submit an appropriate entry."
 {¶ 22} On January 14, 2003, appellant moved to reopen the evidentiary hearing on appellees' motions to suppress. Appellant's motion to reopen stated, in relevant part, "that at the time of the original evidentiary hearing on [appellees'] motion[s], [appellees] had not placed the prosecution on notice that [they] intended to litigate the knock and announce issue and that as a result the prosecution did not have the necessary witnesses present at the hearing."
 {¶ 23} After holding a hearing on appellant's motion to reopen, the trial court overruled it, based upon appellant's failure to file a brief in opposition to appellees' memorandum in support of their motions to suppress, appellant's delay in moving to reopen the evidentiary hearing on the motions to suppress, and appellant's failure to provide any reason for the delay that "might rise to the level of excusable neglect[.]" On February 27, 2003, the trial court filed a judgment entry granting the motions to suppress.
 {¶ 24} On March 6, 2003, appellant filed a notice of appeal from the trial court's February 27, 2003 entry granting the motions to suppress pursuant to R.C. 2945.67(A) and Crim.R. 12(K). Appellant certified that the appeal was not being taken for the purposes of delay, and that the trial court's decision granting the motions to suppress had rendered its proof with respect to Counts Two, Three and Four of the indictment against Sherry Pilot, and all three counts of the indictment against Donald Pilot, so weak in its entirety that any reasonable possibility of effective prosecution as to those counts had been destroyed.
 {¶ 25} Appellant's sole assignment of error is as follows:
 {¶ 26} "The trial court erred in granting the motion to suppress."
 {¶ 27} Before addressing appellant's assignment of error, we must first rule on appellees' request that we dismiss this appeal for lack of jurisdiction. Appellees argue that this court lacks jurisdiction over this appeal because appellant was obligated to file its notice of appeal within seven days of the trial court's November 15, 2002 decision granting appellees' motions to suppress. We disagree with this argument.
 {¶ 28} R.C. 2945.67 states in relevant part:
 {¶ 29} "(A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence[.]"
 {¶ 30} The procedure for filing an appeal pursuant to R.C.2945.67 is governed by Crim.R. 12(K), which provides in relevant part:
 {¶ 31} "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of theentry of the judgment or order granting the motion." (Emphasis added.)
 {¶ 32} Similarly, App.R. 4(B)(4) provides that, "In an appeal by the prosecution under Crim.R. 12(K) or Juv.R. 22(F), the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed." App.R. 4(D) states that "[a]s used in this rule, `entry' or `entered' means when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)." Civ.R. 58(A) and Crim.R. 32(C) both provide that a judgment is effective only when it has been entered by the clerk on the court's journal.
 {¶ 33} Contrary to what appellees contend, the trial court's November 15, 2002 decision did not trigger the commencement of the seven-day period for filing a notice of appeal from a judgment or order granting a motion to suppress evidence pursuant to Crim.R. 12(K) and App.R. 4(B)(4). The Ohio Supreme Court has held that a trial court's ruling in a criminal case does not constitute a final judgment from which an appeal can be taken when the ruling is merely intended to be an announcement of the trial court's decision, which is to be finalized by a subsequent judgment entry. State v. Tripodo (1977), 50 Ohio St.2d 124,126. "A document not labeled a judgment or unequivocally intended to be a judgment does not constitute a judgment triggering the time within which to file a notice of appeal." Id.
 {¶ 34} In this case, it is obvious that the trial court's November 15, 2002 decision was not "unequivocally intended" to be the trial court's final judgment entry on appellees' motions to suppress, but instead was merely intended to be an announcement of the trial court's decision on appellees' suppression motions. Indeed, in the final sentence of its decision, the trial court directed appellees' counsel to "prepare and submit an appropriate entry." No such entry was filed until February 27, 2003.
 {¶ 35} Accordingly, we reject appellees' request that we dismiss this appeal on the basis of lack of jurisdiction. SeeState v. Schwab (Jan. 29, 2001), Clermont App. No. CA2000-07-055, where this court rejected a similar claim. The "date of the entry of the judgment or order" granting appellees' motions to suppress was February 27, 2003. Appellant timely filed its notice of appeal on March 6, 2003. The motion to dismiss is overruled and we now turn to appellant's assignment of error.
 {¶ 36} Appellant argues that the trial court erred in granting appellees' motions to suppress. Appellant asserts that because appellees failed to raise the knock-and-announce issue upon which they prevailed with particularity in their motions to suppress as required by Crim.R. 47, the trial court should have reopened the evidentiary hearing on the suppression motions, thereby allowing appellant to present additional testimony on that issue. Appellant contends that the trial court's refusal to do so constitutes an abuse of discretion. We agree with this argument.
 {¶ 37} Crim.R. 47 provides, in pertinent part:
 {¶ 38} "An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing, unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."
 {¶ 39} A motion to suppress evidence must give the prosecution notice of the specific factual and legal grounds upon which the defendant is challenging the admissibility of the evidence, since a prosecutor cannot be expected to anticipate them beforehand City of Xenia v. Wallace (1988),37 Ohio St.3d 216, 218. The prosecutor and the trial court must be given forewarning of the grounds for a defendant's motion to suppress in order to allow the prosecutor to prepare his or her case against the defendant's motion, and to allow the trial court to properly rule on any evidentiary issues that may arise at the hearing on the motion. Id.
 {¶ 40} In this case, it is undisputed that appellees failed to raise the knock-and-announce issue in their motions to suppress. They did not raise the issue until they filed their memorandum in support of their motions, which they filed after
the evidentiary hearing had been held. The appellees' failure to raise the knock-and-announce issue in their motions to suppress constituted a clear violation of Crim.R. 47, and the trial court should have rejected appellees' argument on the knock-and-announce issue on that basis.
 {¶ 41} The trial court, however, inadvertently overlooked appellees' failure to raise the knock-and-announce issue in their motions to suppress. This oversight was aided in no small measure by appellant's unexplained failure to file a memorandum in response to appellees' memorandum raising the knock-and-announce issue. Appellant tried to make amends for its failure to file a responsive memorandum by moving to reopen the evidentiary hearing on the motions to suppress. However, the trial court overruled appellant's motion to reopen because of appellant's failure to file a memorandum in response to appellees' memorandum, and appellant's failure to move to reopen the evidentiary hearing either in a timely manner or after showing "excusable neglect" for failing to do so.
 {¶ 42} Unquestionably, appellant's failure to file a memorandum in response, and its failure to move more quickly to reopen the evidentiary hearing on appellees' suppression motions, is regrettable. Nevertheless, we believe the trial court abused its discretion by not granting appellant's motion to reopen the evidence under the circumstances of this case.
 {¶ 43} A trial court abuses its discretion when it acts in an arbitrary, unconscionable or unreasonable manner. State v.Adams (1980), 62 Ohio St.2d 151, 157. When the trial court refused appellant's request to reopen its case in order to offer testimony on its behalf with respect to the knock-and-announce issue, it denied appellant a full and fair opportunity to present its case on that issue. Such a denial is clearly inconsistent with the Due Process Clauses of the United States and Ohio Constitutions. See State v. Boggs (Mar. 20, 1995), Clermont App. No. CA94-08-067; Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I, Ohio Constitution. This is particularly true in light of appellees' failure to comply with Crim.R. 47, which required them to state with particularity the grounds for their motions to suppress. Permitting appellant to reopen its case would have allowed both parties to present evidence on the knock-and-announce issue, which, in turn, would have given the trial court a more complete view of the facts of the case before it made a final determination on appellees' motions to suppress. Furthermore, since this involved a pretrial matter, reopening the evidentiary hearing on appellees' motions to suppress would have been of minimal inconvenience to the trial court. See Boggs, Clermont App. No. CA94-08-067.
 {¶ 44} Appellant's sole assignment of error is therefore sustained. The trial court's judgment granting appellees' motions to suppress evidence is reversed, and this cause is remanded for further proceedings consistent with this opinion and in accordance with law.
Young, P.J., and Valen, J., concur.
[1] {¶ a} R.C. 2935.12 provides, in relevant part:
{¶ b} "When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance * * *."
{¶ c} The knock-and-announce statute requires the police, absent certain circumstances, to knock at a residence, announce their presence, and pause to allow those inside to respond; after pausing, the police are generally entitled to forcibly enter the premises. State v. Taylor (1999), 135 Ohio App.3d 182, 185.
[2] Counts Two and Four of Sherry's indictment and Counts One and Three of Donald's indictment charge them with acts "in violation of Section 2925.03(B) of the Revised Code of Ohio[.]" However, R.C. 2925.03(B) does not state an indictable offense; instead, it merely lists persons to whom R.C. 2925.03 does not
apply.
[3] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.
[4] In fact, Donald Pilot did not actually state that he did not hear the officers knock and announce their presence. He stated that he was asleep when the officers arrived, and the first thing he heard was the sound of their battering ram, which he described as sounding like, "boom, boom."