OPINION
{¶ 1} The following appeal was submitted on the briefs of the parties. Appellant, Nate Speers, appeals from a judgment of the Ashtabula County Court of Common Pleas, convicting him on two counts of trafficking in cocaine "within the vicinity" of a school. For the reasons that follow, we affirm.
 {¶ 2} On November 21, 2002, the Ashtabula County Grand Jury indicted appellant on two counts of trafficking cocaine "within the vicinity" of a school, each a fourth degree felony in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(C)(4)(b). At his arraignment, appellant pleaded not guilty to the foregoing charges.
 {¶ 3} This matter proceeded to a jury trial, and the following facts were disclosed. On November 29, 2001, a detective with the Ashtabula City Police Department initiated a "controlled buy" of drugs from appellant. The detective obtained the assistance of a confidential informant. The confidential informant was wired with an audio transmitter and given fifty dollars to facilitate the "controlled buy."
 {¶ 4} Around 4:00 p.m., the detective and the confidential informant drove an unmarked police vehicle to an apartment building at 219 West 53rd Street, in the city of Ashtabula, as it was believed that appellant sold drugs from this location. Upon their arrival, the confidential informant engaged appellant outside of the apartment building, while the detective remained in the unmarked police vehicle. The detective visually monitored the "controlled buy" and listened to the "controlled buy" via the confidential informant's audio transmitter. The confidential informant purchased what appeared to be crack cocaine from appellant. The detective conducted a field test, which demonstrated that the substance was in fact cocaine, and placed the cocaine into evidence. At trial, the detective testified that the "controlled buy" occurred approximately 400 feet from an elementary school.
 {¶ 5} On December 19, 2001, the detective and an assisting detective initiated a second "controlled buy" from appellant. The same confidential informant was used to purchase the drugs from appellant. Once again, the confidential informant was wired for audio and given $50 to buy the drugs. During this "controlled buy," the confidential informant purchased crack cocaine from appellant at 229 West 53rd Street, in the city of Ashtabula. The detectives' visual and audio observations established appellant's sale of crack cocaine. The confidential informant supplied the detectives with the cocaine, which was tested and kept as evidence.
 {¶ 6} During trial, both detectives testified that the location of the December 19, 2001 "controlled buy" was adjacent to the elementary school. The assisting detective testified that this "controlled buy" occurred approximately 400 feet from the elementary school, while the other detective stated that it occurred within 200 feet of the school. Also, appellant stipulated to laboratory results which affirmatively established that both substances purchased during the "controlled buy" were in fact cocaine.
 {¶ 7} At the close of the state's case in chief, appellant moved for acquittal due to the state's failure to demonstrate that the "controlled buy" occurred "within the vicinity" of a school. Appellant renewed his motion to acquit at the close of his case. The trial court denied both motions for acquittal.
 {¶ 8} Following trial, a unanimous jury found appellant guilty on two counts of trafficking cocaine "within the vicinity" of a school. The court entered judgment accordingly and sentenced appellant to a prison term of twelve months on each count, with the terms to run concurrently.
 {¶ 9} From this judgment, appellant has filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 10} "The Appellant's convictions are against the manifest weight of the evidence."
 {¶ 11} Under his sole assignment of error, appellant maintains that the state failed to prove that the substance obtained during the "controlled buy" was crack cocaine; that the "controlled buy" occurred in Ashtabula County; and that the "controlled buy" occurred "within the vicinity" of a school.
 {¶ 12} As an initial matter, we are inclined to note that appellant's arguments encompass both a manifest weight of the evidence argument and sufficiency of the evidence argument. The concepts of sufficiency and weight are quantitatively and qualitatively distinct in a criminal proceeding. See, e.g., State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 13} We will first examine whether the state provided sufficient evidence to obtain appellant's conviction. When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 14} The state supports a conviction with sufficient evidence either through direct evidence, circumstantial evidence, or both. State v.Waddy (1992), 63 Ohio St.3d 424, 430. The probative values of circumstantial evidence and direct evidence are identical. Jenks at 272.
 {¶ 15} In the instant case, appellant was found in violation of R.C.2925.03(A)(1) and R.C. 2925.03(C)(4)(b), which provides as follows:
 {¶ 16} "(A) No person shall knowingly do any of the following:
 {¶ 17} "(1) Sell or offer to sell a controlled substance;
 {¶ 18} "* * *
 {¶ 19} (C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 20} "* * *
 {¶ 21} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 22} "* * *
 {¶ 23} "(b) * * * [I]f the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
 {¶ 24} First, a thorough examination of the record establishes that sufficient evidence was presented with respect to the substance obtained by the confidential informant and the location of the "controlled buys." Specifically, during trial, both parties stipulated to lab results of the substances purchased by the confidential informant from appellant in the course of both "controlled buys." These lab results indicated that the substances were indeed cocaine. Also, the detectives testified that field tests conducted immediately after the purchases indicated the substances were cocaine. Thus, the state provided sufficient evidence that the substances involved in the "controlled buys" were cocaine.
 {¶ 25} Furthermore, the detectives testified that each "controlled buy" occurred in the city of Ashtabula, in Ashtabula County. The confidential informant verified the general location of both "controlled buys." Therefore, the state also provided sufficient evidence that the location of the crime was in Ashtabula County.
 {¶ 26} The crux of appellant's sufficiency argument is that the state failed to provide sufficient evidence to meet its burden of proving that the sale of cocaine was "within the vicinity" of a school. We disagree.
 {¶ 27} Under R.C. 2925.01(P), a crime is committed "within the vicinity" of a school when the offense is committed "within one thousand feet of the boundaries of any school premises[.]" Accordingly, the state was required to present direct or circumstantial evidence that the "controlled buys" occurred within 1,000 feet of the school.
 {¶ 28} The detectives testified that the "controlled buys" occurred within 1,000 feet of an elementary school. Specifically, the detective involved in the first "controlled buy" testified that appellant sold cocaine approximately 400 feet from the elementary school. This detective also testified that the second "controlled buy" occurred on a property lot adjacent to the elementary school and was within 200 feet of the school. The assisting detective testified that the second "controlled buy" occurred approximately 400 feet from the elementary school.
 {¶ 29} The detectives' testimony demonstrated that both "controlled buys" occurred within 1,000 feet of a school. This testimony, standing alone, adequately established sufficient evidence that the "controlled buys" occurred "within the vicinity" of a school under R.C. 2925.03(A)(1) and R.C. 2925.03(C)(4)(b).
 {¶ 30} Based upon the foregoing analysis, appellant's sufficiency arguments are not well-taken.
 {¶ 31} Appellant's manifest weight argument relates solely to the detectives testimony regarding whether the "controlled buys" occurred "within the vicinity" of a school. Appellant argues that the detectives' testimony was not competent or credible, as the detectives could only provide approximate measurements rather than precise distances. In short, appellant attempts to demonstrate that circumstantial evidence of an approximate measurement was against the manifest weight of the evidence.
 {¶ 32} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also, Thompkins.
 {¶ 33} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 34} As stated previously, both detectives testified that the "controlled buys" occurred well within 1000 feet of the elementary school. Although neither detective physically measured the exact distance, their testimony established that they visually observed the distance. Further testimony demonstrated that both "controlled buys" occurred on the same city block and that the second "controlled buy" occurred on a property lot adjacent to the elementary school. Appellant failed to present any evidence that would contradict the detectives' distance estimates.
 {¶ 35} The jury was free to believe all part, part, or none of the detectives' testimony regarding whether the "controlled buys" were "within the vicinity" of the school. Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. There was nothing to demonstrate that the detectives' testimony was incredible or absurd. Because the jury was in the best position to view the detectives' testimony and determine their credibility, we will not disturb these credibility findings on appeal. See, e.g., State v. Ready (2001),143 Ohio App.3d 748. Thus, the detectives' measurement approximations were not against the manifest weight of the evidence, and this portion of appellant's assignment of error is not well-taken.
 {¶ 36} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm appellant's convictions.
Ford, P.J., Rice, J., concur.