DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael Lashuay, Jr., appeals the judgment of the Wood County Court of Common Pleas. Appellant was convicted of one count of trafficking in drugs, a violation of R.C. 2925.03(A)(2) and a felony of the fourth degree. *Page 2 
 {¶ 2} Marijuana was found on appellant's person after Bowling Green, Ohio, police officers stopped the truck he was driving for failure to properly display a license plate. At the suppression hearing, Officers Skaff and Fairbanks testified that they were in uniform, but in an unmarked vehicle, when they encountered appellant's truck. They called Officer White, who, in his marked police vehicle, pulled up behind appellant's truck and in front of Skaff and Fairbanks. White testified that he could not see a license plate either, and he initiated a stop. All officers agreed that appellant had committed no moving violations and the stop was solely based upon the apparent lack of a license plate.
 {¶ 3} White shone his car's spotlight on the pickup truck's rear window before he exited the patrol car. He testified that he did not see the valid temporary tag posted in the rear window until he was approximately two feet from the truck's rear bumper. He then approached the driver's side window in order to tell appellant to display the temporary tag on the truck's bumper, because the rear window was slightly tinted.
 {¶ 4} Upon reaching the lowered driver's side window, he smelled a "moderate" odor of marijuana. He asked for appellant's driver's license and registration and then asked appellant to exit the vehicle. He asked appellant, "Is there anything you'd like to tell me?" Appellant told White that he had a bag of marijuana in his pants pocket and was en route to sell it. White then placed appellant in handcuffs and administered Miranda warnings.
 {¶ 5} White testified that the truck's three passengers were taken out of the vehicle by Fairbanks and Skaff at the time White told appellant to exit the truck. *Page 3 
Fairbanks, meanwhile, had testified that he exited his unmarked police car as soon as it stopped and approached the passenger side to assist White. He said, "I was basically stepped back just observing the situation." He, likewise, could not see the temporary tag until he had reached the truck's rear bumper. Skaff took the passengers out of the vehicle and interviewed one and Fairbanks interviewed the other.
 {¶ 6} The trial court's judgment entry overruling the motion to suppress found that White approached the driver's side window "to explain to the driver that he needed to more visibly display the registration." The court held, "Based on the probable cause of the odor of marijuana, all three officers proceeded to remove the Defendant and his passengers from the vehicle. There was an admission that marijuana was present and that the Defendant intended to sell the marijuana that was in his possession."
 {¶ 7} The court considered State v. Chatton (1984), 11 Ohio St.3d 59, certiorari denied (1984), 469 U.S. 856, which held that when an officer who stops a car for failure to display a license plate then sees, upon approach, a temporary tag displayed in the rear window, the officer no longer has reasonable suspicion to detain the vehicle. It also considered State v. Lavalette, 6th Dist. No. WD-02-025, 2003-Ohio-1997, in which we upheld the "courtesy exception" to Chatton, allowing an officer to continue to approach the vehicle's driver to explain the reason for the detention despite the dissipation of reasonable suspicion. If, upon approach, the officer perceives circumstances creating fresh, articulable suspicion, continuation of the stop to investigate the new suspicion is reasonable. Id. at ¶ 19. *Page 4 
 {¶ 8} Nearly two months after the trial court's ruling, the prosecutor provided appellant's counsel with a VHS recording of the stop. Three and a half months after the trial court's ruling, appellant's counsel filed a motion to reopen the hearing on his motion to suppress. In that motion, his counsel averred that he called the Bowling Green Police Department to ask whether any photographs or video recordings of the stop had been made and they advised him none had been made.
 {¶ 9} The state opposed the motion, arguing that it was untimely but, in any event, the recording did not indicate anything contrary to the testimony at the hearing. The trial court denied the motion without a hearing and, apparently, without viewing the videotape.
 {¶ 10} The matter proceeded to a bench trial. Appellant's counsel renewed his motion to reopen the suppression hearing, which was again denied. Officer Skaff, who did not testify at the suppression hearing, testified on direct examination that he smelled marijuana while speaking to the front passenger through the open passenger window. He said that, after he smelled marijuana, he first asked the front passenger and one rear passenger for identification and then asked the passengers to exit the vehicle "so I could speak further with them."
 {¶ 11} On cross-examination, Skaff said that he saw the temporary tag in the rear window when he was within ten to 15 feet of the truck's rear. He explained that he continued to approach the passenger window because improperly displaying the *Page 5 
temporary tag was a violation and he was assisting White. At that point, appellant's counsel played the videotape.
 {¶ 12} The tape, taken from White's marked patrol vehicle, clearly shows, in the sequence noted: (1) the red truck quickly obeying the signal to stop, (2) White's vehicle's spotlight shining brightly and directly upon the rear window and illuminating the temporary tag, (3) Fairbanks and Skaff arriving at the passenger side door and ordering the front passenger out of the truck immediately, (4) Fairbanks and Skaff shining a flashlight into the vehicle and one officer leaning his entire upper body into the vehicle's compartment through the open door, (5) after the front passenger exited the vehicle, White approaching the driver's side window, (6) White requesting appellant's driver's license and registration, and (7) White asking appellant to step out of the vehicle.
 {¶ 13} Appellant timely appealed and has filed four assignments of error for review:
 {¶ 14} "I. The trial court committed prejudicial error by overruling the motion to suppress evidence.
 {¶ 15} "II. The trial court committed prejudicial error by refusing to reopen the suppression hearing for the purpose of admitting a VHS recording of the stop/arrest of the defendant.
 {¶ 16} "III. The conviction of the appellant was procured in violation of his constitutional rights as guarantees by the Fifth andFourteenth Amendments of the United States Constitution. *Page 6 
 {¶ 17} "IV. The trial court committed prejudicial error by finding the appellant guilty without proof beyond a reasonable doubt that the substance which was seized from his was the same substance which was analyzed and determined to be marijuana [sic]."
 {¶ 18} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Fanning (1982), 1 Ohio St.3d 19, [20]. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." State v. Roberts, 110 Ohio St.3d 71,2006-Ohio-3665, ¶ 100, quoting State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8.
 {¶ 19} We review the trial court's decision to deny appellant's motion to reopen the suppression hearing for an abuse of discretion. State v.Pilot, 12th Dist. Nos. CA2003-03-023, CA2003-03-24, 2004-Ohio-3669, ¶ 42;State v. Monaghan, 1st Dist. No. C-040655, 2005-Ohio-4051, ¶ 3, citing Columbus v. Grant (1981), 1 Ohio App.3d 96, 97. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. *Page 7 
 {¶ 20} The videotape directly contradicts White's and Fairbanks testimony at the suppression hearing. The trial court, when confronted with the existence of new evidence bearing directly on the propriety of the stop, should not have, as it indicated in its order, merely reviewed the parties' filings on the motion to reopen the hearing. Aside from its own statement, the record is silent as to whether the trial court viewed the videotape before twice denying the motion to reopen the suppression hearing. Assuming, arguendo, that the trial court did view the videotape and found it to have no effect, this would have de facto been a reconsideration of the motion to suppress; in that case, the hearing should have been reopened to allow the parties to argue afresh in light of the new evidence considered. Contrarily, assuming arguendo that the trial court did not view the tape before twice denying the motion, the trial court erred in choosing to resolve factual conflicts raised by the new evidence through reference to the parties' motions alone. Therefore, whether or not the trial court viewed the videotape before ruling on the motion to reopen, it abused its discretion in refusing to reopen the suppression hearing to consider the new evidence's effect. Failure to consider the new evidence denied appellant a full and fair opportunity to present his case on the seizure's validity. Pilot, supra; State v.Boggs (Mar. 20, 1995), 12th Dist. No. CA94-08-067. Appellant's second assignment of error is well-taken.
 {¶ 21} We cannot, however, continue to review the ruling on the motion to suppress; because the trial court did not consider the videotape, its factual findings are *Page 8 
incomplete. Therefore, remand is required and we cannot reach appellant's other claimed errors. Pilot, supra.
 {¶ 22} The judgment of the Wood County Court of Common Pleas is reversed and this case is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
William J. Skow J., Arlene Singer, J., concurs and writes separately., Peter M. Handwork, J., concurs with Judge Singer's concurrence.