DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Adolph R. Brown, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} In the late afternoon of July 19, 2006, Akron Police Detective Tim Harvey of the Street Narcotics Uniform Division ("SNUD") observed a burgundy vehicle owned by Charles Gaiter, a suspected drug dealer, drive up to 1168 Onondago Avenue in Akron. At the time, Appellant, Adolph Brown, resided at this address. Detective Harvey observed Erin Golding, Brown's co-defendant, exit the house and engage in a hand-to-hand exchange with the driver of the vehicle. Detective Harvey believed a drug deal had occurred and radioed this information and a description of the car to officers patrolling nearby.
 {¶ 3} At approximately 6:00 p.m. on July 19, 2006, SNUD Detective Joseph Danzy was monitoring the police radio and patrolling the streets near Brown's residence. Detective Danzy *Page 2 
heard Detective Harvey's description of the vehicle and the suspected drug transaction. Detective Danzy soon observed the vehicle and effectuated a stop. Detective Danzy observed a bag of crack cocaine on the front driver's side floor of the vehicle.
 {¶ 4} Based upon this discovery of crack cocaine, Detective Harvey obtained a search warrant for Brown's house. Brown's house is located directly across the street from a school. Upon entry, police officers discovered Brown and Golding in the living room. The search of the house revealed a digital scale, a plate, razor blades with cocaine residue, a can with a false bottom, a marijuana pipe, and a rock of crack cocaine weighing 6.48 grams.
 {¶ 5} On July 28, 2006, Brown was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the third degree, one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree, one count of possession of criminal tools, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree, one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor, one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree, and two counts of endangering children, in violation of R.C. 2919.22, misdemeanors of the first degree. On December 10, 2006, in a supplemental indictment, Brown was additionally charged with one count of trafficking in cocaine in the vicinity of a school, in violation of R.C. 2925.03(A)(2), a felony of the second degree.
 {¶ 6} On September 6, 2006, Brown filed a motion to suppress. The trial court scheduled a hearing on the motion for October 13, 2006. The record reflects that Brown failed to appear at the hearing. Brown's appointed counsel explained to the court that he had tried to reach Brown at two different numbers and could not locate him. The judge denied the motion, *Page 3 
stating: "Court denies the motion to suppress for failure of the defendant to appear[.]" The court heard no arguments and took no evidence at that time with regard to the motion.
 {¶ 7} On October 16, 2006, Brown appeared in court with a new attorney to request permission to dismiss his appointed counsel and to retain new counsel. The trial court allowed Brown to do so. Brown's new counsel requested leave to file pre-trial motions and requested that the court reschedule the suppression hearing. The trial court denied both requests. Despite the court's ruling, Brown's counsel resubmitted a motion to suppress on January 26, 2007. The trial court denied the motion on February 6, 2007 without a hearing.
 {¶ 8} On February 13, 2007, Brown's case proceeded to trial. On that date, the trial court dismissed the child endangerment and receiving stolen property charges. On February 16, 2007, the jury returned its verdict, finding Brown guilty of possession of cocaine, possession of criminal tools, possession of drug paraphernalia, and trafficking in cocaine. In addition, the jury found that the trafficking had been committed within 1,000 feet of a school.
 {¶ 9} The trial court sentenced Brown to a term of six years of incarceration and five years of post-release control for trafficking in cocaine in the vicinity of a school, a $100 fine for possession of marijuana, a term of one year of incarceration for possession of criminal tools, and a term of two years of incarceration for possession of cocaine. The court ordered that Brown serve his sentences concurrently.
 {¶ 10} Brown timely appealed from his convictions, raising two assignments of error for our review. *Page 4 
 II. ASSIGNMENT OF ERROR I "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT [BROWN'S] CONVICTION OF TRAFFICKING IN CRACK COCAINE IN THE VICINITY OF A SCHOOL."
 {¶ 11} In his first assignment of error, Brown contends that his conviction for trafficking in crack cocaine in the vicinity of a school was based upon insufficient evidence as a matter of law. In particular, Brown asserts that the State failed to prove that the offense was committed within 1,000 feet of a school. We do not agree.
 {¶ 12} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} Brown was convicted of trafficking in cocaine in the vicinity of a school, in violation of R.C. 2925.03(A)(2) and (C)(4)(d) which provides, in pertinent part:
 "(A) No person shall knowingly do any of the following:
 "* * *
 "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable *Page 5 
 cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
 "* * *
 "(C) Whoever violates division (A) of this section is guilty of one of the following:
 "* * *
 "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 "* * *
 "(d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds * * * five grams but is less than ten grams of crack cocaine, trafficking in cocaine is a felony of the third degree. * * * If the amount of the drugs involved is within [that] range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree."
 {¶ 14} Brown argues that the State did not prove beyond a reasonable doubt that the offense occurred within 1,000 feet of a school. Brown premises this argument on the fact that the State did not offer as evidence at trial a measurement of the distance between the house and the school.
 {¶ 15} The State, for reasons unclear to this Court, relied instead on less precise evidence of that distance. The State offered the testimony of a police detective who testified that the house was across the street from the school. The State also presented photographs and a satellite image containing the house and the school.
{¶ l6} "`Circumstantial evidence * * * is proof of facts or circumstances by direct evidence from which [the fact finder] may reasonably infer other related facts which naturally and logically follow according to the common experience of mankind.'" State v.Rohr-George, *Page 6 
9th Dist. No. 23019, 2007-Ohio-1264, at ¶ 21, quoting State v.Blankenship (Sept. 21, 1994), 9th Dist. No. 2815. "Circumstantial evidence and direct evidence inherently possess the same probative value." Jenks, 61 Ohio St.3d at syllabus paragraph one. "Circumstantial evidence, furthermore, permits legitimate inferences." Waterville v.Lombardo, 6th Dist. No L-02-1160, 2004-Ohio-475, at ¶ 18.
{¶ l7} In State v. Speers, 11th Dist. No. 2003-A-0112, 2005-Ohio-4654, the court reviewed a conviction for trafficking in cocaine in the vicinity of a school where, as here, no precise measurement of the distance between the location of the trafficking and the school had been taken. Speers was convicted of trafficking in cocaine in the vicinity of a school after police made two "controlled buys" of cocaine from Speers. Id. at ¶ 8. In Speers, unlike the present case, police detectives testified as to the approximate distance between the school and the location of the trafficking. Id. at ¶ 28. Police officers testified that the "controlled buys" took place approximately 200 feet and 400 feet from the school. Id. In addition, the officers indicated that the trafficking occurred on a property lot adjacent to the school. Id. at ¶ 34. On appeal, the appellant claimed that the detectives' testimony regarding distance was not credible because no detective took an actual measurement. Id. at ¶ 31. The Eleventh District Court of Appeals disagreed and affirmed the conviction. Speers, supra, at ¶ 36. The court, implicitly relying on uncontroverted evidence that the trafficking occurred on a lot contiguous to a school lot, concluded that "the detectives' measurement approximations were not against the manifest weight of the evidence[.]" Id. at ¶ 35.
 {¶ 18} In the case sub judice, the State offered direct evidence that the trafficking occurred not on an adjacent lot, but in a house directly across the street from a school. The State introduced photographs and a satellite image including the house and the school. This evidence *Page 7 
adequately supports a conclusion that less than 1,000 feet separated the two buildings. Furthermore, 1,000 feet is approximately one fifth of a standard 5,280-foot mile. We note that it would be extremely uncommon to encounter a city street the width of which even approaches one fifth of a mile. A rational trier of fact could infer that the width of a street is far less than 1,000 feet and that buildings separated only by a city street and standard front yards are, thus, less than 1,000 feet apart. While direct evidence of the distance as provided by actual measurement would have been more impressive evidence, the State's evidence permitted a reasonable inference that the distance between Brown's house and the school was less than 1,000 feet.
 {¶ 19} We are, therefore, unable to conclude that no rational trier of fact could have found that the State had proved the essential elements of this crime beyond a reasonable doubt. Jenks, 61 Ohio St.3d at paragraph two of the syllabus. Therefore, we conclude that Brown's conviction for trafficking in the vicinity of a school was supported by sufficient evidence. Brown's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE COURT ABUSED ITS DISCRETION IN DENYING/DISMISSING [BROWN'S] SUPPRESSION MOTION WITHOUT A HEARING."
 {¶ 20} In his second assignment of error, Brown contends that the trial court abused its discretion in denying his motion to suppress. We do not agree.
 {¶ 21} "Generally, a trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion." State v.Welsh (Mar. 15, 1995), 9th Dist. No. 2374-M, at *2, citing O'Brien v.Angley (1980), 63 Ohio St.2d 159, 163. To constitute an abuse of discretion, a trial court's attitude must be arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an *Page 8 
appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546,552.
 {¶ 22} On September 6, 2006, Brown's appointed counsel filed a motion to suppress evidence seized from Brown's house. The trial court scheduled the suppression hearing for October 13, 2006. On that date, Brown failed to appear. Brown's attorney asserted that he had attempted to call Brown but could not locate him. The court denied the motion in light of Brown's absence.
 {¶ 23} On October 16, 2006, Brown appeared in court with new counsel. The court allowed Brown to dismiss his appointed counsel and to be represented by retained counsel. Brown's new counsel requested leave to file pretrial motions. The trial court denied the request, stating: "Motion denied. Time has run." Brown's new counsel requested that the suppression hearing be rescheduled. The trial court also denied this request, stating that the suppression hearing "was set. Everybody was here. We were prepared to go and it was canceled." Brown's new attorney did not request an evidentiary hearing regarding Brown's failure to appear on October 13, 2006. Brown's counsel resubmitted a motion to suppress. The trial court denied the motion without a hearing.
 {¶ 24} Initially, we note that Brown's assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment. Hamlin-Scanlon v. Taylor, 9th Dist. No. 23773,2008-Ohio-411, at ¶ 8; App. R. 16. Brown argues in the body of his brief that the trial court abused its discretion in failing to reopen the suppression hearing. Brown's assignment of error, however, directs this Court to analyze the denial of his motion without a hearing. Thus, we confine our analysis to the denial of Brown's motion to suppress without a hearing. See Id. In light of Brown's two motions to suppress and the absence of a hearing in *Page 9 
regard to either of them, Brown's assignment of error provides, at best, an incomplete roadmap. Brown's assignment of error could be construed as directing this Court to consider one or both of the trial court's denials of his motions to suppress. Alternately, Brown's assignment of error could be construed as directing this Court to consider any or all of the trial court's decisions not to hold a hearing in regard to Brown's motions. However, under any of these constructions, the assignment of error fails.
 {¶ 25} We are mindful that the appellant bears the burden of affirmatively demonstrating his error on appeal and substantiating his arguments in support. Angle v. Western Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2; App. R. 16(A)(7). Brown asserts that "appellant had a legitimate basis to challenge the basis of the search warrant." Brown has not, however, cited any legal authority that would support the proposition that the trial court should have granted his motion to suppress. Brown thus has failed to assert how the trial court's denial of the motion constituted error. See In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at *6 (declining to address assignment of error where appellant failed to cite law applicable to issue under review). As such, Brown has failed to provide citations to authorities supporting his argument that the trial court abused its discretion in denying his motion to suppress as mandated by App. R. 16(A)(7) and Loc. R. 7(A)(6).
 {¶ 26} Brown does not assert in his brief that the trial court was required to hold a suppression hearing and likewise has presented no legal authorities in support of that position. As such, Brown has also failed to provide citations to authorities in support of the argument that the trial court abused its discretion in failing to hold a suppression hearing as mandated by App. R. 16(A)(7) and Loc. R. 7(A)(6). *Page 10 
 {¶ 27} Brown cites only one substantive case in support of this assignment of error, State v. Lashuay, 6th Dist. No. WD-06-088,2007-Ohio-6365. However, Lashuay is readily distinguishable from the case sub judice. In addition, Lashuay provides no support for the proposition that the trial court in this case abused its discretion in denying Brown's motion to suppress or for the proposition that the trial court abused its discretion in failing to hold a hearing.
 {¶ 28} In Lashuay, the trial court held a suppression hearing regarding the defendant's motion to suppress evidence obtained as the result of a traffic stop. Id. at ¶ 8. The trial court denied the motion. Id. at ¶ 6. Nearly two months after the court's denial of the motion, the prosecutors provided the defendant's counsel with a videotape of the traffic stop. Id. at ¶ 8. The videotape contained footage which contradicted the testimony of police officers at the suppression hearing. Id. at ¶ 20. The defendant filed a motion to reopen the suppression hearing in light of the newly discovered evidence. Id. at ¶ 8. The trial court denied the motion to reopen without viewing the videotape. Id. at ¶ 9. The defendant appealed the denial of his motion to reopen. Id. at ¶ 15. The appellate court, noting that the trial court had not viewed the newly discovered evidence, determined that the lower court's review of the motion to suppress was incomplete.Lashuay, supra, at ¶ 21. The appellate court thus remanded for further proceedings. Id.
 {¶ 29} Unlike the appellant in Lashuay, Brown has not alleged the discovery of any new evidence since the first denial of his motion to suppress on October 13, 2006. Brown, therefore, has not alleged, and could not allege, that the trial court's review of any of his motions to suppress was incomplete as the result of the trial court's failure to consider newly discovered *Page 11 
evidence. Thus, Lashuay provides no support for the proposition that the trial court in the present case was required to hold a suppression hearing.
 {¶ 30} Brown has, therefore, provided no citations to authorities supporting his contention that the trial court abused its discretion in denying his motion to suppress without a hearing. It is inappropriate for us to construct the legal arguments in support of an appellant's appeal. State v. Tuck (2001), 146 Ohio App.3d 505, 510.
 {¶ 31} Furthermore, Crim. R. 12(F), which governs the trial court's ruling on motions, including a motion to suppress, "does not mandate an evidentiary hearing on every motion to suppress." State v. Djuric, 8th Dist. No. 87745, 2007-Ohio-413, at ¶ 32, citing State v. Johnson (Apr. 2, 1992), 8th Dist. No. 60402. "In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." State v.Shindler (1994), 70 Ohio St.3d 54, at syllabus, citing Crim. R. 47 andXenia v. Wallace (1988), 37 Ohio St.3d 216. The record reflects that Brown's September 6, 2006 motion to suppress failed to include any specific legal or factual assertions. Brown merely asserted that "the arresting officer was without reasonable suspicion to search either [Brown] or his household and was without probable cause to arrest [Brown]."
 {¶ 32} Moreover, the trial court correctly determined on October 16, 2006, that Brown's time for filing pre-trial motions had run. Under Crim. R. 12(D), "[a]ll pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Brown was arraigned on August 2, 2006. Brown's trial was initially scheduled for October 16, 2006 and ultimately commenced on February 13, 2007. *Page 12 
Accordingly, the earlier date of "thirty-five days after arraignment", or approximately September 7, 2006, was the operative deadline for Brown's pre-trial motions. Id. As such, the trial court correctly determined that any motion filed on or after September 7, 2006 would be untimely.
 {¶ 33} Even if Brown's motion was timely filed and sufficiently specific, the trial court, nonetheless, had inherent authority to deny his request to reschedule his hearing after he failed to appear at the scheduled hearing. See Mayer v. Bristow (2000), 91 Ohio St.3d 3, 7
(discussing the trial court's inherent authority to protect its docket);State v. Hochhausler (1996), 76 Ohio St.3d 455, 469 (discussing the trial court's inherent authority to control and manage its docket).
 {¶ 34} For the foregoing reasons, we can find no abuse of discretion in the trial court's denial of Brown's motion to suppress without a hearing. Brown's second assignment of error is overruled.
 III. {¶ 35} Brown's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 13 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 Slaby, J. and Carr, P. J., concur. *Page 1