DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal as of right, the state of Ohio asserts that the Wood County Court of Common Pleas erred in granting a motion to dismiss filed by the defendant, Michael Lashuay, Jr. For the following reasons, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Lashuay was indicted for one count of trafficking in drugs, a violation of R.C. 2925.03(A)(2) and a felony of the fourth degree. The charge stemmed from a stop of his vehicle. The vehicle stop was predicated upon Lashuay's failure to display temporary license tags properly on his vehicle. Lashuay sought to suppress evidence garnered from the stop.
 {¶ 3} The trial court denied Lashuay's first motion to suppress. After that denial, the state provided Lashuay's counsel with a videotape of the stop — despite his counsel's previous discovery requests. Lashuay asked the trial court to reopen the suppression hearing and reconsider its decision in light of the newly discovered videotape evidence. The trial court denied the motion and the matter proceeded to a bench trial, at which, Lashuay was convicted.
 {¶ 4} In his first appeal, State v. Lashuay, 6th Dist. No. WD-06-088,2007-Ohio-6365, we held that the trial court abused its discretion in refusing to reopen the suppression hearing to consider the newly discovered videotape evidence. We reversed the denial of Lashuay's motion to suppress and remanded for further suppression proceedings.
 {¶ 5} The trial court held another suppression hearing and considered the videotape of the traffic stop. In its decision, it made the following factual findings:
 {¶ 6} "At approximately 12:53 a.m. on May 13, 2005, Bowling Green Police Officers Fairbanks and Skaff, in an unmarked police vehicle, noticed several men get into a red pick-up truck at the Sterling Store parking lot. When the truck backed out, they *Page 3 
further noticed that the vehicle did not have a license plate or temporary tag. Officers Fairbanks and Skaff followed the truck on East Wooster Street and contacted Officer White, in a marked unit, to initiate a stop. Officer White responded, pulled around Officers Fairbanks' and Skaff s unmarked vehicle directly behind the red truck and observed that there was no visible license plate. Officer White effectuated a traffic stop.
 {¶ 7} "At the first suppression hearing, Officers Fairbanks and White testified to the sequence of events after Defendant was pulled over. Officer White indicated that he got out of his police cruiser, radioed the registration that became visible upon his approach; and then Patrolman Skaff and Patrolman Fairbanks pulled up behind him, and they came up to the vehicle behind him. Officer Fairbanks testified that when Patrolman White had the driver (Defendant) exit the vehicle, Patrolman Skaff had the passengers exit the vehicle as well.
 {¶ 8} "The videotape recording of the traffic stop contradicts this sequence of events. As the Court of Appeals found, and as this court finds after viewing the videotape, it `clearly shows, in the sequence noted: (1) the red truck quickly obeying the signal to stop, (2) White's vehicle's spotlight shining brightly and directly upon the rear window and illuminating the temporary tag, (3) Fairbanks and Skaff arriving at the passenger side door and ordering the front passenger out of the truck immediately, (4) Fairbanks and Skaff shining a flashlight into the vehicle and one officer leaning his entire upper body into the vehicle's compartment through the open door, (5) after the front passenger exited the vehicle, White approaching the driver's side window, (6) White *Page 4 
requesting appellant's driver's license and registration, and (7) White asking appellant to step out of the vehicle.' State v. Lashuay, [6th Dist. No. WD-06-088], 2007-Ohio-6365, ¶ 12."
 {¶ 9} After Lashuay stepped from the vehicle, Lashuay admitted that he had marijuana in his possession and that he intended to sell it.
 {¶ 10} Based on these factual findings, the trial court held the initial stop of Lashuay's vehicle — for failing to properly display temporary tags — valid. It also acknowledged that Officer White could, as a matter of courtesy, approach the driver in order to explain the reason for the detention, citing State v. Chatton (1984),11 Ohio St.3d 59, 63.
 {¶ 11} However, the trial court granted Lashuay's motion to suppress. It found that there "was no specific articulable fact that reasonably warranted three police officers approaching the vehicle. It appears that Officers Fairbanks and Skaff had an agenda of their own, using Officer White's stop as a ruse to search the truck. * * * Based on totality of the circumstances, the court is not persuaded that sufficient articulable facts existed to constitutionally justify the scope of the stop."
 {¶ 12} The state asserts one assignment of error in this appeal pursuant to Crim. R. 12(K) and R.C. 2945.67:
 {¶ 13} "The trial court erred by granting appellee's motion to suppress evidence." *Page 5 
 {¶ 14} The state frames the issue on appeal as follows:
 {¶ 15} "The trial court improperly granted appellee's motion to suppress by finding that the motivation of Patrolman Cory Fairbanks and Adam Skaff in assisting Patrolman Justin White in a valid traffic stop based on probable cause rendered the traffic stop and subsequent discovery of evidence invalid."
 {¶ 16} On review of a motion to suppress, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fanning (1982), 1 Ohio St.3d 19. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.State v. McNamara (1997), 124 Ohio App.3d 706." State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.
 {¶ 17} The trial court found that Officers Fairbanks and Skaff ordered the passengers from the vehicle on the passenger side, shined their flashlights inside the vehicle, and one officer leaned his entire upper body into the passenger compartment. The officers did not assert, and the trial court did not find, that they were engaged in a protective search for weapons. Michigan v. Long (1983), 463 U.S. 1032.
 {¶ 18} "The Fourth Amendment imposes a reasonableness standard upon the exercise of discretion by government officials. Delaware v.Prouse (1979), 440 U.S. 648, 653-654. `Thus, the permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests.' Id. at 654. To justify a particular *Page 6 
intrusion, the officer must demonstrate `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' Terry v. Ohio (1968), 392 U.S. 1,21." State v. Batchili, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 11.
 {¶ 19} The trial court stated the axiomatic Fourth Amendment principle that "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v.Royer (1983), 460 U.S. 491, 500. Officer White would have been justified, therefore, in approaching Lashuay to warn him that his temporary tag was not visible or to issue a citation to that effect.State v. Chatton (1984), 11 Ohio St.3d 59, 63.
 {¶ 20} While Chatton allows a police officer to approach a vehicle to explain that the reason for the detention was an apparent failure to display temporary tags properly, Chatton also held that an officer is not justified in prolonging the detention to request the driver's license unless separate specific and articulable facts exist for doing so. 11 Ohio St.3d at 63. If, after approaching a vehicle, an officer gathers an independent, articulable suspicion of criminal activity, then the investigatory stop may be prolonged. State v. Lavalette, 6th Dist. No. WD-02-025, 2003-Ohio-1997.
 {¶ 21} The state argues that Lavalette applies, insofar as the odor of marijuana created separate probable cause to order Lashuay and his passengers from the vehicle. The officers testified that Officers Fairbanks and Skaff did not remove the passengers from the vehicle until after Officer White smelled marijuana. However, the trial court *Page 7 
found, and the videotape shows, that Officer White did not approach the vehicle until after Fairbanks and Skaff had moved the passengers and initiated a vehicle search. Therefore, the intrusion by Fairbanks and Skaff — which preceded White's approach to the vehicle — could not have been supported by whatever White perceived.
 {¶ 22} The trial court concluded: "The Court finds it troubling that three officers had to approach Defendant's truck on both sides for the purpose of explaining that his temporary tag was not plainly visible. More troubling, Officers Fairbanks and Skaff approached the passenger side door and ordered the front passenger out of the truck immediately with one officer shining a flashlight into the vehicle and leaning his entire upper body into the vehicle's compartment through the open door, even before Officer White came to the driver's side window."
 {¶ 23} In review of a suppression hearing, the appellate court defers to the trial court's determinations of credibility. State v.Tibbetts (2001), 92 Ohio St.3d 146, 242, citing State v. DePew (1988),38 Ohio St.3d 275, 277. The trial court correctly determined that these circumstances — three officers approaching a vehicle, ordering passengers out of the vehicle and searching the vehicle in this manner — do not fit the "courtesy exception" of Chatton.
 {¶ 24} We agree with the trial court that, under the totality of the circumstances, Officers Fairbanks and Skaff intruded without justification. That is, the scope of the stop was expanded beyond that which was necessary to accomplish the original purpose of the stop. In light of the videotape evidence and the officers' explanation of the circumstances *Page 8 
of the stop, Officer White's alleged perception of an odor of marijuana could not have provided the basis for the actions of Officers Fairbanks and Skaff. Therefore, no sufficient articulable facts existed to justify the scope and intrusion of the stop. The trial court properly suppressed all discoveries that flowed from the unconstitutionally intrusive stop. Appellant's assignment of error is not well-taken.
 {¶ 25} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1