[Cite as *Hendy v. Wright*, 2013-Ohio-5786.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| CARY V. HENDY | | C.A. No.     26422 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHELLE L. WRIGHT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.     2000-05-2076 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

MOORE, Presiding Judge.

{¶1}   Plaintiff-Appellant, Cary Hendy ("Father"), appeals from the March 30, 2012 judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.

I.

{¶2}   This appeal stems from ongoing litigation between Father and Defendant-Appellee, Michelle Wright ("Mother"), regarding V.R., their minor child.  Most recently, Mother filed a motion to modify child support and to reallocate the tax exemption, as well as a motion for contempt against Father for allegedly failing to pay uncovered medical expenses.   In response, Father filed motions for sanctions against Mother for allegedly failing to comply with discovery requests.

{¶3}   After a hearing in which both parties appeared and testified, a magistrate of the trial court:  (1) found Father to be voluntarily underemployed, (2) imputed income in the amount

of $42,161.00 to Father, which increased his child support payment to $609.08 per month, plus a 2% administrative fee, for a total of $621.26 per month, (3) ordered Mother to maintain health insurance coverage, (4) ordered the parties to share uncovered medical expenses at a rate of 38% to be paid by Father, and 62% to be paid by Mother, (5) found Father in contempt for failing to pay uncovered medical expenses, (6) awarded Mother $500 as a penalty for the contempt, $2,032.34 in past due uncovered medical expenses, and $928.30 in attorney and process server fees, and (7) ordered that the parties alternate the tax exemption every other year, so long as Father is current in his child support payments. Further, the magistrate's decision contained the following language:

> **A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FINDING OF FACT OR CONCLUSION OF LAW IN THAT DECISION UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THAT FINDING OR CONCLUSION AS REQUIRED BY CIVIL RULE 53(D)(3)(b)(iv).**

(Emphasis sic.)

{¶4} On March 30, 2012, the trial court adopted the magistrate's decision. The record indicates that Father did not file objections to the magistrate's decision, but instead filed: (1) a motion for relief from judgment, and (2) an appeal in this Court. We granted a limited remand, and, on January 18, 2013, the trial court issued a journal entry denying Father's motion for relief from judgment. Father did not appeal the denial of that motion.

{¶5} Father's eight assignments of error from his appeal of the March 30, 2012 decision are now before us for consideration. For purposes of our discussion, we will address certain assignments of error together.

II.

## ASSIGNMENT OF ERROR I

MAGISTRATE'S DECISION ENTERED INTO RECORD ON MARCH 30[], 2012, IN DISPOSITION OF THE CASE PRESENTED AT HEARING HELD BEFORE HER ON JULY 13[], 2011 IS, AND WAS, IN STARK CONTRAST TO DISPOSING OF ALL MATTERS PROMPTLY, EFFICIENTLY, AND FAIRLY AS CITED IN THE CODE OF JUDICIAL CONDUCT, CANON 3(b)(8) EFFECTIVE DATE [DECEMBER] 20[], 1973, AMENDED EFFECTIVE MAY 13, 1997. THIS WAS ALSO WELL OUTSIDE THE BOUNDS PERSONALLY TESTIFIED TO BY THE HEARING MAGISTRATE OF THE CASE'S DISPOSITION TIMEFRAME.

## ASSIGNMENT OF ERROR II

THIS CASE, TO WHICH JUDGMENT ENTRY WAS ENTERED INTO RECORD BY THE CLERK OF COURT ON MARCH 30[], 2012, BEING RENDERED BY THE MAGISTRATE ON MARCH 27[], 2012[,] WAS DEFICIENT OF OHIO CODE OF JUDICIAL CONDUCT, RULE 2.12(b) AND 2.12(b)[2] EFFECTIVE DATE MARCH 1, 2009. SIMILARLY IS DEFICIENT UNDER PRIOR REVISION OF CODE OF JUDICIAL CONDUCT, CANON 3(c)(3), EFFECTIVE MAY 13, 1997. (Underlining omitted.)

## ASSIGNMENT OF ERROR V

MAGISTRATE'S DECISION AND FINDINGS TO [FATHER'S] GUILT OF CONTEMPT FOR FAILURE TO PAY UNCOVERED MEDICAL EXPENSES IS A) AGAINST THE WEIGHT OF THE EVIDENCE, B) LACKING IMPARTIALITY AND FAIRNESS, C) PREJUDICED, D) AT DECISION WRONGLY PENALIZED, EVEN IF MAGISTRATE'S FINDINGS WERE DETERMINED CORRECT.

## ASSIGNMENT OF ERROR VIII

THE MAGISTRATE WAS BIASED, PREJUDICED, LACKING OF OBJECTIVITY, IMPARTIALITY, AND FAIRNESS IN DUTIES OF THE ROLE APPOINTED WHILE OVERSEEING THIS CASE. THIS BEHAVIOR VIOLATES NUMEROUS RULES UNDER PRIMARY CANONS OF THE OHIO JUDICIAL CODE OF CONDUCT.

{¶6} In his first, second, fifth, and eighth assignments of error, Father alleges judicial misconduct by the magistrate and trial judge. Specifically, Father states that the magistrate violated aspects of the Code of Judicial Conduct by issuing a decision on this matter 258 days

after the hearing, and by being biased and prejudiced in her ruling. Additionally, Father states that the trial judge violated the Code of Judicial Conduct by failing to properly supervise the magistrate's docket in order to ensure the prompt disposition of matters.

{¶7} The alleged issues of judicial misconduct raised by Father are outside of this Court's jurisdiction. In *State v. Williams*, 9th Dist. Summit No. 25827, 2011-Ohio-6067, ¶ 14, quoting *Wilburn v. Wilburn*, 169 Ohio App.3d 415, 2006-Ohio-5820, ¶ 10 (9th Dist.), we stated that "'any allegations of judicial misconduct are not cognizable on appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel.'" Further, "'[t]he Chief Justice of the Supreme Court of Ohio, or [her] designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced.'" *Wilburn* at ¶ 10, quoting *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution. "Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas judge or to void a judgment of a trial court on that basis." *Wilburn* at ¶ 10.

{¶8} Here, Father asserts that the magistrate acted with bias and prejudice in issuing her decision, and urges this Court to reverse the trial court's adoption of the magistrate's decision. Father also requests that this Court appoint a different magistrate to hear his case upon remand. A trial court's judgment may be reversed for an abuse of discretion where the record reflects that the court was unreasonable, arbitrary or unconscionable in rendering its decision. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Father did not object to the magistrate's decision on this basis, and thus has forfeited all but plain error. However, he has not advanced a plain error argument on appeal. *See* Civ.R. 53(D)(3)(b)(iv), App.R. 16(A)(7). In addition, the record indicates that Father did not file a motion to disqualify the magistrate pursuant to Civ.R. 53(D)(6). As such, Father's only argument for the disqualification of the

magistrate, and reversal of the trial court's decision, rests upon his allegations that violations occurred under the Code of Judicial Conduct.

{¶9} Therefore, because we lack jurisdiction to decide matters of alleged judicial misconduct, Father's first, second, fifth, and eighth assignments of error are stricken from the record on appeal.

### ASSIGNMENT OF ERROR III

THE ADOPTION OF THE MAGISTRATE[']S FINDING OF FACT AND DECISION TO JUDGMENT ENTRY WAS GRANTED WITH NEGLECT TO PROPER JUDICIAL DILIGENCE AND SCRUTINY OF THE MAGISTRATE'S RENDERING TO ADOPTION BY AUTOMATIC JUDICIAL SIGNATURE.

### ASSIGNMENT OF ERROR IV

THE METHOD, NUMBERS, AND THEREFORE CALCULATIONS, USED BY THE MAGISTRATE TO IMPUTE [FATHER'S] INCOME ARE ENTIRELY WRONG. THIS CAUSES THE ENTIRE CHILD SUPPORT AMOUNT DETERMINED TO BE INCORRECT.

### ASSIGNMENT OF ERROR VI

MAGISTRATE'S IMPUTING INCOME TO [FATHER] WAS AN ABUSE OF DISCRETION. THE DECISION WAS NEGLIGENT TO THE CORRECT TESTS, EVIDENCE, TESTIMONY AND NUMEROUS OTHER CRITERIA DEFINED BY [THE OHIO REVISED CODE] AS RELEVANT TO THAT DETERMINATION.

### ASSIGNMENT OF ERROR VII

MAGISTRATE DID NOT GIVE PROPER CONSIDERATION FAIRLY OR IMPARTIALLY TO THE CRITERIA TO DETERMINE IF AND HOW MUCH TO IMPUTE. THE CRITERIA WERE NEGLECTED TO HOW THEY AFFECT THE SITUATION AND USED PUNITIVELY.

{¶10} In Father's third, fourth, sixth, and seventh assignments of error, he alleges that the trial court erred in adopting the magistrate's findings of fact and conclusions of law regarding the child support calculation.

{¶11} Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶12} "[W]e have long recognized, in civil as well as criminal cases, that failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997), citing *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 436-437, (1996), *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.*, 73 Ohio St.3d 260, 271 (1995), and *Villella v. Waikem Motors, Inc.*, 45 Ohio St.3d 36, 40 (1989).

{¶13} "Although in *criminal* cases '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court,' [] no analogous provision exists in the Rules of *Civil* Procedure." (Emphasis sic.) *Goldfuss* at 121, quoting Crim.R. 52(B). "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Id.*

{¶14} As stated above, Father did not file objections to the magistrate's decision, and has therefore forfeited all but plain error. However, Father "has neither argued plain error, nor has he explained why we should delve into this issue for the first time on appeal." *State v. Feliciano*, 9th Dist. Lorain No. 09CA009595, 2010-Ohio-2809, ¶ 16. "While a [litigant] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte

undertake a plain [] error analysis if a [litigant] fails to do so." *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41, citing *State v. Hairston,* 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11. Therefore, because Father has not argued plain error, we will not create a plain error argument on his behalf.

{¶15} Accordingly, Father's third, fourth, sixth, and seventh assignments of error are overruled.

III.

{¶16} In striking Father's first, second, fifth, and eighth assignments of error, and overruling Father's third, fourth, sixth, and seventh assignments of error, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

CARY V. HENDY, pro se, Appellant.

MICHELLE L. WRIGHT, pro se, Appellee.